The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>    v.<br><br>HORSESHOE LAKE GOLF COURSE, INC.<br><br>    Defendant. | No. C06-148-JLR<br><br>CONSENT DECREE AND [PROPOSED] ORDER DISMISSING ACTION |

## I. INTRODUCTION

1. This action originated with discrimination charges filed by Amber Harper, Amanda Niles, Ashley Kunish, Lynetta Brooks, Amanda Bolz, Amber Privitt, Meghan Hike and Anna Day ("Charging Parties") with the Equal Employment Opportunity Commission. The Charging Parties alleged Horseshoe Lake Golf Course, Inc. ("Horseshoe Lake") discriminated against them on the bases of sex by subjecting them to sexual harassment, retaliation, and/or constructive discharge, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq.

CONSENT DECREE
Page 1 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

2. The EEOC sent Horseshoe Lake Letters of Determination with findings of reasonable cause that Horseshoe Lake had violated Title VII.

3. The Commission filed a lawsuit simultaneously with a [proposed] Consent Decree, in the United States District Court for the Western District of Washington agreeing with Defendant to file this Consent Decree as the parties want to conclude all claims arising out of the above charges without expending further resources in contested litigation.

4. The parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with EEOC by Amber Harper, Amanda Niles, Ashley Kunish, Lynetta Brooks, Amanda Bolz, Amber Privitt, Meghan Hike and Anna Day. The EEOC and Horseshoe Lake enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

## II. NONADMISSION OF LIABILITY

5. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Defendant.

## III. JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized pursuant to Sections 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The parties agree that the alleged acts took place within the jurisdiction of the United States District Court for the Western District of Washington.

CONSENT DECREE
Page 2 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

## IV. SETTLEMENT SCOPE

7. This Consent Decree is the final and complete resolution of all allegations of unlawful employment practices contained in the Charging Parties' discrimination charges, in the EEOC's administrative determinations, and in the complaint filed herein, including all claims by the parties for attorney fees and costs.

## V. MONETARY RELIEF

8. In settlement of this lawsuit, Defendant has agreed to pay $367,000.00 to Charging Parties and class members. Of this amount $267,000 is payable to the eight named charging parties. Payment for Charging Parties Amber Harper and Amanda Niles will be made within twenty (20) business days of signing this agreement. Payment to Ashley Kunish, Lynetta Brooks, Amanda Bolz, Amber Privitt, Meghan Hike and Anna Day will be made within sixty (60) business days of signing this agreement. There will be a settlement fund established out of the total remaining sum in the amount of $100,000.00, and final determination of payments to individual class members from the class settlement fund shall follow the procedures as described below in Section VI.

## VI. ADMINISTRATION OF CLASS SETTLEMENT

9. A Potential Claimant is defined as a woman who applied for a position at Horseshoe Lake or worked at Horseshoe Lake between September 28, 2004 and June 20, 2006.

10. A Successful Claimant is defined as a Potential Claimant who presents credible evidence that she was subjected to sexual or gender-based harassment at Horseshoe Lake between the dates of September 28, 2004 and June 20, 2006. Further, a Successful Claimant must meet all deadline and claim requirements as set forth in this Consent Decree. The

CONSENT DECREE
Page 3 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

Successful Claimant will be required to present credible evidence, which will include her own sworn statement, to establish such sexual or gender-based harassment.

11. The EEOC will determine who the Successful Claimants are based upon the criterion outlined in Paragraph 10 and the share of the settlement fund each such person will receive. The determination by the EEOC shall be binding upon the parties.

12. The Potential Claimants will be sent a Notice to Potential Claimants ("Notice") which will include a description of the charges against Horseshoe Lake, a definition of Potential Claimants, a summary of the settlement reached, and the criteria for determination of who will qualify as a Successful Claimant. It will also include a list of examples of sexual or gender-based harassment. The Notice will also contain a description and explanation of the deadlines and other claim requirements and will include an Application Form to be completed by each Potential Claimant which will assist in the presentation of her prima facie evidence of sexual or gender-based harassment. The Notice and Claim form to be used are attached hereto as Exhibits A and B.

13. Deadlines and claim requirements are as follows:

    a. Within 10 days of the entry of this Consent Decree EEOC will mail by certified mail, return receipt requested, copies of the Notice and Application Form to all Potential Claimants. The mailing will include a stamped, return address envelope with the EEOC's Seattle Field Office address.

    b. Potential Claimants will have thirty (30) days to respond by returning a completed Application Form to the EEOC.

CONSENT DECREE
Page 4 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

c. If the original Notice mailed is forwarded to a Potential Claimant by the Post Office, then that individual will be provided with an additional thirty (30) days to respond.

d. If the original Notice mailed is returned as undeliverable, EEOC will have fifteen (15) days to research and update the Potential Claimant's address and re-mail the documents. Re-mailing the Notice and Application Form will provide another thirty (30) day response deadline.

e. Within ten (10) days of receiving the last Potential Claimant response, the EEOC will provide Horseshoe Lake with a list identifying each Successful Claimant whom the EEOC has determined presented a prima facie case pursuant to the criteria outlined in this Consent Decree. The identity of unsuccessful claimants will also be provided at this time.

f. At the time it notifies Horseshoe Lake of the list of unsuccessful and successful claimants, the EEOC will notify each claimant as to whether her application was successful or not, and if so, the amount she will be awarded from the settlement fund. Successful claimants will be notified that the receipt of settlement proceeds will require the execution of the release attached hereto as Exhibit C and its return to the EEOC. Successful claimants will also be notified that they are entitled to consult an attorney before signing the release. If a claimant seeks such consultation, they are entitled to receive reimbursement of up to $200.00 for reasonable attorney's fees (an amount in addition to the individual settlement

CONSENT DECREE
Page 5 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

from the $100,000 proceeds). The reimbursement will be made by Horseshoe Lake within ten (10) business days upon proof of such consultation.

g. Payment by Horseshoe Lake to the Successful Claimants will be made within fourteen (14) days from the date Defendant is notified that the EEOC has received the signed release.

h. Upon proof of payment to the successful claimant, the EEOC will send the original signed releases to counsel for Horseshoe Lake.

i. In the event that a successful claimant does not execute the release, EEOC will distribute the sum to the remaining successful claimants through a pro-rata distribution.

## VII. INJUNCTIVE RELIEF

A. General Provisions

14. Horseshoe Lake reaffirms its commitment to comply with Title VII. To further this commitment, the company shall monitor the affirmative obligations of this Consent Decree. The terms of this Consent Decree apply to all applicants and employees.

15. The company will not retaliate against any applicant or employee for opposing a practice deemed unlawful by Title VII or for making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing associated with this action.

16. Horseshoe Lake, its officers, agents, and employees are hereby enjoined from engaging in personnel practices which unlawfully discriminate against applicants and/or employees in violation of Title VII. In recognition of its obligations under Title VII, Horseshoe Lake will institute the policies and practices set forth below.

CONSENT DECREE
Page 6 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

B. <u>Retention of Sexual Harassment Consultant to Develop Policy Against Sexual Harassment</u>

17. With the assistance of an independent sexual harassment consultant, Horseshoe Lake will adopt a written equal employment opportunity policy which sets forth the requirements of federal laws against employment discrimination and specifically those provisions which make sexual harassment unlawful and which make it unlawful to retaliate against any current or former employee for opposing any practice made unlawful by Title VII. The sexual harassment consultant will be retained, at Horseshoe Lake's expense, to conduct an internal review and audit of the company's sexual harassment policy and complaint procedure. The sexual harassment consultant will be subject to the prior approval of the EEOC and the policy and complaint procedure to be developed will address, at a minimum, the following statement of "Zero-Tolerance Policy": Horseshoe Lake is firmly committed to developing and maintaining a zero-tolerance policy concerning sex discrimination, sexually-based harassment and retaliation against individuals who report discrimination or harassment in the company's workplace; to swiftly and firmly responding to any acts of sex discrimination, sexually-based harassment or retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of sex discrimination, sexually-based harassment or retaliation; to eradicating any vestiges of a work environment that is sexually hostile to individuals; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people."

///

///

CONSENT DECREE
Page 7 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

C. <u>Development of Anti-Harassment Policies, Procedures and Practices</u>

18. In order to effectuate the objectives embodied in Horseshoe Lake's Zero-Tolerance Policy and this Decree, Horseshoe Lake shall develop and maintain policies, procedures and practices that contain the following elements:

    a. Sex Discrimination and Harassment Policy. Horseshoe Lake agrees that it shall implement a sex discrimination and harassment policy, as necessary, in order to:

        i. provide clear definitions and examples of prohibited sex discrimination, sexually-based harassment, and retaliation;

        ii. provide for substantial and progressive discipline for incidents of sex discrimination, sexually-based harassment, and/or retaliation;

        iii. provide that complaints of sex discrimination, sexually-based harassment and/or retaliation will be accepted by Horseshoe Lake in writing and orally;

        iv. provide a timetable for reporting a complaint, for commencing an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; and

        v. indicate that, promptly upon the conclusion of its investigation of a complaint, Horseshoe Lake will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

CONSENT DECREE
Page 8 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

      b. Complaint Procedures.

          i. Horseshoe Lake agrees that it shall institute a complaint procedure designed to encourage employees to come forward with complaints about violations of its sex discrimination, sexually-based harassment and retaliation policy. As part of this policy, Horseshoe Lake agrees that it shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of sex discrimination, sexually-based harassment and retaliation. Horseshoe Lake agrees that it shall designate at least two upper management employees charged with investigating such issues, as persons who may be contacted, and their names, responsibilities, work locations and telephone numbers shall be routinely and continuously posted. Also as part of its procedure, Horseshoe Lake agrees that it shall keep a Complaint Box in a place within Horseshoe Lake premises where employees tend to gather and which is not in the managerial area of Horseshoe Lake's offices. The upper management employees designated by Horseshoe Lake as charged with investigating complaints of discrimination will gather the complaints from the Complaint Box. Additionally as part of its complaint procedure, Horseshoe Lake agrees that it shall maintain throughout its workplace the presence of personnel charged with handling complaints of sex discrimination, sexually-based harassment and retaliation.

CONSENT DECREE
Page 9 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

ii.  Horseshoe Lake agrees that it shall enable complaining parties to be interviewed by Horseshoe Lake about their complaints in such a manner that permits the complaining party, at such party's election, to remain inconspicuous to all of the employees in such party's work area. Horseshoe Lake agrees that its complaint procedure shall not impose upon individuals seeking to make a complaint alleging sex discrimination, sexually-based harassment and/or retaliation any requirements that are more burdensome than are imposed upon individuals who make other complaints of comparable gravity.

iii.  Horseshoe Lake agrees that it shall ensure that its policies and procedures provide that complaint handling and disciplinary procedures regarding all complaints of sex discrimination, sexually-based harassment and/or retaliation are investigated and addressed promptly.  Specifically, Horseshoe Lake agrees that it shall make its best effort to investigate all complaints of sex discrimination, sexually-based harassment and/or retaliation promptly and to complete investigations within one (1) week. Horseshoe Lake will further make its best effort to prepare its written findings of the results of each investigation and the remedial actions proposed within one (1) week after completion of the investigation, and shall thereupon promptly communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.  If the investigation is the result of an anonymous complaint filed in

CONSENT DECREE
Page 10 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

the complaint box, Horseshoe lake will only be obligated to notify affected parties, to the extent they are known, of the result of the investigation and remedial actions taken or proposed, if any.

iv.  Horseshoe Lake agrees that it shall make its best effort to ensure that appropriate remedial action is taken to resolve complaints and to avoid the occurrence of further incidents of sex discrimination, sexually-based harassment and/or retaliation.  Horseshoe Lake further agrees that it shall revise its progressive discipline policy to provide for appropriate discipline including, but not limited to, suspensions without pay, demotion or termination, as possible consequences for violations of its sex harassment policy.

c. Policies Designed To Promote Supervisor Accountability.

i.  Horseshoe Lake agrees that it shall impose discipline designed to stop any unlawful behavior, up to and including suspension without pay, demotion or termination upon any employee, including supervisors or managers, who engages in sex harassment or permit any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning any such conduct.  Horseshoe Lake shall communicate this policy to all of its employees.

CONSENT DECREE
Page 11 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

Case 2:06-cv-01418-JLR   Document 2   Filed 10/02/06   Page 12 of 16


      ii. Horseshoe Lake agrees that it shall continue to advise all managers and supervisors of their duty to actively monitor their work areas to ensure employees' compliance with the company's sex discrimination and harassment policy, and to report any incidents and/or complaints of sex harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

      iii. Horseshoe Lake agrees that, in evaluating the performance and determining compensation of managers and supervisors, it will take into account how supervisors and managers handle equal employment opportunity ("EEO") issues, and to link such evaluations to any supervisor or management promotion and/or salary/bonus decisions.

      iv. Horseshoe Lake agrees that it shall include "commitment to equal employment opportunity" as a criterion for qualification for supervisory or management positions.

  d. Sexual Harassment Training.

      i. Horseshoe Lake agrees that it shall provide mandatory annual sex discrimination and sexual harassment training to all employees, including supervisors, managers and senior managers; to provide mandatory sex discrimination and sexual harassment training to all new employees during employee orientation; and to provide training to all persons charged with the handling of complaints of sex discrimination, sexual harassment and/or retaliation harassment in the workplace, including the techniques for

CONSENT DECREE
Page 12 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

investigating and stopping it.  This training shall include issues regarding sex discrimination as it may affect employees of Horseshoe Lake.  Horseshoe Lake agrees to require Owner/General Manager Alex Roland to undergo training/counseling.  The training shall consist of nine (9) hours of one on one counseling/training with an individual approved by the EEOC, and nine (9) group sessions taken over a two (2) year period.  Nine (9) of the 18 sessions must take place within one year after the entry date of this Consent Decree.  No more than ten sessions may be completed within the first year.  These training/counseling sessions must address issues of sexual harassment and use and abuse of power over subordinates.  Horseshoe Lake agrees that Alex Roland will not occupy the position of General Manager until the completion of this training/counseling.

ii.  Horseshoe Lake agrees that all training required by this Decree shall be conducted by experienced sex discrimination and sexual harassment educators and/or consultants.  Horseshoe Lake agrees that the training outlined in this Decree shall begin with an initial assessment conducted by the educators and/or consultants and may include a broad assessment of Horseshoe Lake's function as it interplays with the training issues outlined above.  Horseshoe Lake understands that this assessment may result in policy or training recommendations beyond those required by this Decree, and that Horseshoe Lake shall be responsible for all costs associated with any assessment or training growing out of this Decree.

CONSENT DECREE
Page 13 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

D.  Expungement of Records

19.  Horseshoe Lake will not disclose any information or make references to any charge of discrimination or this lawsuit in responding to requests for information about any Charging Party or class member.  Horseshoe Lake agrees to expunge from its records or files all materials related to the Charging Parties' charges of discrimination and this EEOC lawsuit.

E.  Reporting

20.  Horseshoe Lake shall report in writing to the EEOC on an annual basis, beginning twelve months (12) months from the date of the entry of this decree, and thereafter every twelve (12) months thereafter the following information:

    a.  Certification of the completion of training for managers, supervisors, and non-management employees along with lists of attendees;

    b.  Certification that their EEO policies have been distributed to all current and newly hired employees;

    c.  A list of any changes, modifications, revocations or revisions to their EEO policies and procedures which concern or affect the subject of discrimination.

    d.  A summary of internal discrimination or sexual harassment complaints, if any; and

    e.  A statement certifying that the company has complied with the terms of this Consent Decree.  If Defendant has not complied with any term of this Consent Decree, the statement will specify the areas of noncompliance, the reason for the noncompliance, and the steps taken to bring Defendants into compliance.

F.  Posting

21.  Horseshoe Lake will post a Notice, attached as Exhibit D to this Consent Decree. The Notice shall include a recitation of the "Zero-Tolerance Policy referred to in Paragraph 17 above. The Notice shall be posted on a centrally located bulletin board or other place where such

CONSENT DECREE
Page 14 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

notices are normally posted and read by employees during the five (5) year period of this Consent Decree.

## VIII.  ENFORCEMENT

22.  If the EEOC determines that Horseshoe Lake has not complied with the terms of this Consent Decree, the EEOC will provide written notification of the alleged breach to the company.  The EEOC will not petition the Court for enforcement of this Consent Decree for at least thirty (30) days after providing written notification of the alleged breach.  The 30-day period following the written notice shall be used by the parties for good faith efforts to resolve the dispute.

## IX.  RETENTION OF JURISDICTION

23.  The United States District Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree.

## X.  DURATION AND TERMINATION

24.  This Consent Decree shall be in effect for five (5) years beginning the day the Court enters the Decree.  If the EEOC petitions the Court for breach of this settlement agreement, and the Court finds Defendant to be in violation of its terms, the Court may extend the duration of this Consent Decree.

/ / /

/ / /

/ / /

/ / /

/ / /

CONSENT DECREE
Page 15 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882

## XI.  CONCLUSION

25.  The parties are not bound by any provision of this agreement until it is signed by authorized representatives of each party and entered by the Court.

Dated this   29th   day of         September        , 2006.

| | |
|---|---|
| WILLIAM R. TAMAYO<br>Regional Attorney<br>San Francisco District Office<br>350 The Embarcadero, Suite 500<br>San Francisco, CA 94105-1260 | RONALD COOPER<br>General Counsel<br><br>GWENDOLYN Y. REAMS<br>Associate General Counsel |
| KATHRYN OLSON<br>Supervisory Trial Attorney | Office of General Counsel<br>1801 "L" Street N.W.<br>Washington, D.C. 20507 |
| Teri Healy<br>Senior Trial Attorney | |

BY:       /s/ William R. Tamayo         .
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, Washington 98104
Telephone (206) 220-6916

Attorneys for Plaintiff


BY:        /s/ Kathleen Pierce
Kathleen Pierce
Morton McGoldrick
Attorneys at Law
820 "A" Street, Suite 600
Tacoma, WA 98401
Telephone (253) 627-8131

Attorneys for Defendant

CONSENT DECREE
Page 16 of 16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
FAX (206) 220-6911
TDD (206) 220-6882